

ORDERED in the Southern District of Florida on March 10, 2021.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

| | |
|---|---|
| In re: | Case No. 20-12721-EPK |
| | Chapter 7 |
| JAMES BENJAMIN CAMPBELL and | |
| LAUREN AMANDA CAMPBELL, | |
| | |
|     Debtors. | |
| _____/ | |
| TIMOTHY J. HOBAN, | |
| | |
| **Plaintiff,** | |
| | |
| v. | Adv. Proc. No. 20-01261-EPK |
| | |
| JAMES BENJAMIN CAMPBELL, | |
| | |
|     Defendant. | |
| _____/ | |

### ORDER ON DEFENDANT'S MOTION TO DISMISS
### AND FOR JUDGMENT ON THE PLEADINGS
### AND PLAINTIFF'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

As part of his answer to the amended complaint in this case, the defendant James Campbell seeks "entry of an order dismissing Count I, and entering a partial judgment determining that any claims for alleged negligence have been discharged, and such claims are subject to the discharge

injunction of 11 U.S.C. § 524(a)(2)." ECF No. 42. In response, the plaintiff Timothy Hoban seeks judgment on the pleadings in his favor on all relief requested in this case. ECF No. 59.

After an initial hearing held on February 10, 2021, the Court directed the parties to file additional briefs. ECF No. 64. The Court has carefully reviewed the parties' briefs. ECF Nos. 61 and 69. The Court considered the requests for relief in light of the applicable standards for motions to dismiss and motions for judgment on the pleadings. For the reasons discussed more fully below, the Court will deny Mr. Campbell's motion in its entirety, and will grant Mr. Hoban's motion in part, ruling that he is entitled to judgment on count I of the amended complaint but that the Court will not rule on the relief requested in count II of the amended complaint until his claim is liquidated to judgment in state court.

In his amended complaint, plaintiff Timothy Hoban seeks relief only under 11 U.S.C. § 523(a)(6). ECF No. 38. He asks the Court to rule that two debts owing to him by Mr. Campbell be excepted from Mr. Campbell's discharge in this bankruptcy case: (1) the debt represented by a Restitution Order entered by a Florida state court in connection with Mr. Campbell's conviction of criminal battery against Mr. Hoban, and (2) a debt yet to be liquidated in a Florida state court civil action arising from the same event.

The undisputed facts of this case are straightforward.

In December 2016, the State of Florida filed a criminal information against Mr. Campbell charging him with battery against Mr. Hoban under Florida Statutes § 784.03(1). In October 2017, Mr. Campbell pled guilty to committing the crime of battery against Mr. Hoban and was sentenced according to a plea agreement. The sentence included an order of restitution in an amount to be determined by agreement or by additional hearing.

After a hearing in August 2018, the state court entered its Restitution Order, a copy of which is attached to the amended complaint here. The state court ruled:

> The Defendant has pled guilty to battery. The victim of the battery is Timothy Hoban (hereinafter, Hoban). Hoban was struck in the head by a metal and glass door kicked by the Defendant. Hoban received injuries to his head, neck, upper back/thoracic spine and right shoulder directly as a result of the Defendant's commission of the battery offense. The State has established by a preponderance of the evidence through the testimony of Hoban, as well as through medical bills, physician's reports, medical records, and other records admitted into evidence that the victim, Hoban, incurred necessary medical and related professional services and therapy with charges and expenses for such professional services and therapy totaling $8455.88, directly as a result of injuries sustained by Hoban from the Defendant's commission of battery.

The state court further found that the medical and related professional services and therapy were "causally related to the Defendant's offense of battery and bear a significant relationship to the battery, pursuant to the plea agreement and section 775.089, Fla. Stat." The state court entered the Restitution Order in favor of Mr. Hoban, ordering restitution in the sum of $8,455.88, to be paid before the end of Mr. Campbell's twelve-month probation period.

In October 2018, Mr. Hoban and his spouse filed a complaint against Mr. Campbell in the 15th Judicial Circuit in and for Palm Beach County, Florida, case number 502018CA013088XXXXMB, seeking damages for negligence and civil battery arising from the same incident for which Mr. Campbell was prosecuted. After obtaining permission from the state court, Mr. Hoban and his spouse filed an amended complaint in that case, a copy of which is attached to the amended complaint here. Mr. Hoban and his spouse stated claims against Mr. Campbell based in civil battery, assault, negligence, and loss of consortium, and sought damages and punitive damages. Pursuant to a prior order of this Court entered in the main bankruptcy case, Mr. Hoban's spouse has dismissed all claims against Mr. Campbell, so Mr. Hoban is the only plaintiff in the state court action.

In February 2020, Mr. Campbell filed a voluntary chapter 7 petition commencing this bankruptcy case. At that time, there was no judgment entered in the state court civil action.

In July 2020, Mr. Hoban filed an initial complaint commencing this adversary proceeding. Then followed several motions and responses, as well as the entry and lifting of a clerk's default,

eventually resulting in the Court permitting Mr. Hoban to file the amended complaint now under consideration.  ECF Nos. 37 and 38.  In response to the amended complaint, Mr. Campbell filed his *Answer, Affirmative Defense, Motion to Dismiss and for Judgment on the Pleadings*, which the clerk docketed as an answer at ECF No. 41, and as a motion to dismiss and for judgment on the pleadings at ECF No. 42.  This order addresses the latter motions.

In ECF No. 42, Mr. Campbell seeks dismissal of count I of the complaint stating only:  "In Count I, Plaintiff failed to state a cause of action because the subject debt is not excepted from discharge pursuant to 11 U.S.C. § 526(a)(6) (sic)."  In addition, Mr. Campbell argues that the claim of "simple negligence" pending in the state court "is not the type of claim excepted from discharge pursuant to 11 US.C. § 523(a)(6)."  Based on these arguments, Mr. Campbell seeks dismissal of count I and "partial judgment determining that any claims for alleged negligence have been discharged" and are subject to the discharge injunction under 11 U.S.C. § 524(a)(2).

In his initial response, Mr. Hoban argues that the debt represented by the Restitution Order is a debt arising from an intentional tort and is covered by section 523(a)(6).  Anticipating Mr. Campbell's position, Mr. Hoban argues that the debt represented by the Restitution Order is not excepted from discharge under section 523(a)(7) because (a) the Restitution Order directs payment only to Mr. Hoban and that subsection applies only to "a fine, penalty, or forfeiture payable to or for the benefit of a governmental unit", and (b) the Restitution Order directs payment of amounts specifically intended to compensate Mr. Hoban for the costs of treatment and therapy, and that subsection does not apply to debts that are "compensation for actual pecuniary loss".

In response to Mr. Campbell's request for partial judgment determining that any claims for negligence are discharged in this case, Mr. Hoban "consents to this Court entering an order that any judgment obtained in the state court action based on the theory of negligence is discharged."  This is a change from Mr. Hoban's position earlier in this case.  After substantial prior motion practice in

4

the main bankruptcy case (see ECF Nos. 30, 37, 38, 45, 47, 48, 50, 51, 52, 54, 56, 58, 59, and 65), this Court ruled that, in light of the pendency of this adversary proceeding, it was not a violation of the discharge injunction for Mr. Hoban to "pursue any and all claims presented in the State Court Matter through the entry of judgment." ECF No. 54. Because claims liquidated elsewhere under legal theories not requiring proof of intent or maliciousness may nonetheless be excepted from discharge under 11 U.S.C. § 523(a)(6) under appropriate circumstances, the Court did not prohibit Mr. Hoban from liquidating his negligence claims against Mr. Campbell, among other claims more obviously connected to relief under section 523(a)(6). *See, e.g.*, *Stewart Tilghman Fox & Bianchi, P.A. v. Kane (In re Kane)*, 470 B.R. 902, 939-43 (Bankr. S.D. Fla. 2012), *aff'd,* 485 B.R. 460 (S.D. Fla. 2013), *aff'd,* 755 F.3d 1285 (11th Cir. 2014) (excepting state court judgment based in *quantum meruit* and unjust enrichment from discharge under section 523(a)(6)). Mr. Hoban now concedes that he will not seek to except any negligence judgment entered by the state court from discharge in this case. For this reason, the Court will direct Mr. Hoban to seek immediate dismissal with prejudice of his negligence claims in the pending state court action. Because count II of the amended complaint here seeks exception from discharge of the debt liquidated in the state court action, and because the Court will require Mr. Hoban to dismiss his negligence claims in that action, no other relief is required or appropriate in this adversary proceeding with regard to such negligence claims. Mr. Campbell's request for partial judgment regarding negligence claims will be denied as moot. Mr. Campbell's related request, in ECF No. 61, for a ruling that "further prosecution for a judgment of negligence is prohibited by 11 U.S.C. § 524(a)(2)" will be denied as premature.

      In his initial response at ECF No. 59, Mr. Hoban seeks judgment on the pleadings for all relief requested in his amended complaint. Mr. Hoban points out that Mr. Campbell's only affirmative defense is the argument that Mr. Hoban is limited to the Restitution Order for his

5

damages. But Mr. Hoban argues, correctly, that Florida Statutes § 775.089(8) specifically permits additional civil remedies.

The Court held a hearing on February 10, 2021 to address Mr. Campbell's motion to dismiss and motion for judgment on the pleadings, and Mr. Hoban's cross-motion seeking judgment in his favor. As a result of the colloquy during that hearing, the Court directed the parties to file additional legal memoranda. They filed their additional memoranda at ECF Nos. 61 and 69.

During the hearing, Mr. Campbell's counsel conceded that the debt represented by the Restitution Order is not discharged in this case, stating that it is covered by section 523(a)(7) rather than section 523(a)(6) as argued in the amended complaint. Mr. Campbell properly points out that, unlike section 523(a)(6) claims over which this Court has exclusive jurisdiction, the question whether a debt is excepted from discharge under section 523(a)(7) may be addressed by any court of competent jurisdiction and there is no deadline to raise the issue. While Mr. Hoban did not include a request for relief under section 523(a)(7) in his amended complaint here, he could seek to amend his complaint again to add a request for such relief. Indeed, he might do so even after trial, as seeking relief under section 523(a)(7) would not require him to add any allegations to his present amended complaint. During the hearing, the Court suggested to Mr. Campbell's counsel that, even if Mr. Campbell is right about the applicability of section 523(a)(6), it would be a waste of time and judicial resources to do as Mr. Campbell requests and dismiss count I of the amended complaint, which seeks relief only under section 523(a)(6), and then require Mr. Hoban to amend his complaint to add a request for relief under section 523(a)(7). Mr. Campbell's counsel insisted that the Court rule on his arguments as presented.

In light of Mr. Campbell's agreement on the record, multiple times, that the debt represented by the Restitution Order is not discharged in this case, the Court wonders whether Mr. Campbell's position is intended only to delay collection of that debt. The Court's suspicion is supported by Mr.

Campbell's additional memorandum at ECF 61. In that document, Mr. Campbell suggests that there is no need to direct Mr. Hoban to further amend his complaint here to seek relief under section 523(a)(7) "because there is no deadline for a determination of dischargeability under that section, and because the State Court has concurrent jurisdiction over that issue." In other words, Mr. Campbell expects to litigate the section 523(a)(7) issue in state court when Mr. Hoban attempts to collect on the Restitution Order in spite of the fact that Mr. Campbell conceded before this Court that section 523(a)(7) applies and the debt represented by the Restitution Order was not discharged.

Most of Mr. Campbell's additional memorandum is devoted to the argument that section 523(a)(7) applies to the Restitution Order in this case. Mr. Campbell relies primarily on the Supreme Court's decision in *Kelly v. Robinson*, 479 U.S. 36 (1986), and two decisions of the Eleventh Circuit Court of Appeals, *Colton v. Verola (In re Verola)*, 446 F.3d 1206 (11th Cir. 2006) and *Disciplinary Bd. of the Supreme Court of Pa. v. Feingold (In re Feingold)*, 730 F.3d 1268 (11th Cir. 2013). Although Florida Statutes § 775.089, the authority for the Restitution Order, includes components that might distinguish it from the restitution provisions addressed by the Supreme Court and the Eleventh Circuit in those decisions, it appears that the debt represented by the Restitution Order is excepted from discharge under the extremely broad interpretation of section 523(a)(7) provided by the Supreme Court in *Kelly*. *Kelly*, 479 at 50-53. Again, Mr. Campbell conceded that is the case, and so there is no impediment to Mr. Hoban collecting on the Restitution Order in spite of the discharge (and no matter how the Court rules in this adversary proceeding as it is currently presented).

However, just because the debt represented by the Restitution Order is excepted from discharge under section 523(a)(7) does not prevent it from being excepted from discharge under section 523(a)(6) as well. There is nothing to suggest that the several subsections of section 523(a) are mutually exclusive. In count I of the amended complaint, Mr. Hoban seeks relief under section

523(a)(6). The Court must still address whether Mr. Hoban is entitled to judgment based on that provision.

Mr. Campbell's only substantive opposition on this point appears at the very end of his supplemental memorandum at ECF No. 61. In the first "wherefore" clause, in which he sums up part of the relief he requests, Mr. Campbell suggests that the "absence of maliciousness in a conviction of battery" means that a debt arising from a criminal battery cannot be excepted from discharge under section 523(a)(6), and so count I must be dismissed.

To prove a claim under section 523(a)(6), the plaintiff must show that its debt arises from a willful and malicious injury. The burden is on the creditor to prove by a preponderance of the evidence that the debt should be excepted from discharge under section 523(a). *Grogan v. Garner*, 498 U.S. 279, 291 (1991).

An act is willful within the meaning of section 523(a)(6) if it is undertaken with the intent to cause injury, or if it is an intentional act and injury is certain or substantially certain to result. In reported case law, there is much discussion of what intent a plaintiff must prove a defendant possessed to prove a willful injury within the meaning of section 523(a)(6). Most of those decisions involve financial harm. Courts have struggled far less with physical intentional torts such as the battery presented here. For a detailed discussion, see *In re Kane*, 470 B.R. 902, 939-43 (Bankr. S.D. Fla. 2012) and *Drewes v. Levin (In re Levin)*, 434 B.R. 910, 917-20 (Bankr. S.D. Fla. 2010) (discussing cases).

An act is malicious within the meaning of section 523(a)(6) if it is wrongful and without just cause, or excessive even where there is no ill will. "Malice can be implied when a debtor commits an act that is 'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.'" *Thomas v. Loveless (In re Thomas)*, 288 F. App'x 547, 549 (11th Cir. 2008) (quoting *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir. 1995)).

There are two problems with Mr. Campbell's argument that count I must be dismissed because his conviction of criminal battery does not implicate the maliciousness standard, the first based in logic, and the second based on the substance of the claim in this particular case.

Even if Mr. Campbell's plea to the crime of battery does not include an inherent admission that his intentional act was malicious, that does not mean Mr. Hoban is barred from the relief he seeks in count I.  Put another way, even if maliciousness is not a component of criminal battery under Florida law, Mr. Hoban can still prove Mr. Campbell's maliciousness in this adversary proceeding and thus obtain a judgment excepting the Restitution Order from the discharge under section 523(a)(6).  Mr. Campbell's argument that the absence of maliciousness in the crime of battery, even if true, does not logically prohibit the relief Mr. Hoban seeks.

More importantly, conviction of the crime of battery under Florida law always involves a malicious act within the meaning of section 523(a)(6).  Under Florida law, the offense of battery requires one of two circumstances.  The accused must either (a) actually and intentionally touch or strike another person against the will of the other, or (b) intentionally cause bodily harm to another person.  Fla. Stat. § 784.03(1).  Either act, if proven or conceded, is both wrongful and without just cause, and thus malicious.  In Florida, a person convicted of battery cannot argue that his action was not wrongful, or that he had just cause, because to do so is contrary to the elements of the crime.

In this case, Mr. Hoban holds a liquidated debt represented by the Restitution Order.  The Restitution Order includes findings that the debt arose directly from Mr. Campbell's criminal battery on Mr. Hoban and that the harm to Mr. Hoban was proven by a preponderance of the evidence. The findings of the state court in the Restitution Order satisfy all requirements to be binding on this Court under the theory of collateral estoppel.  *See In re Levin*, 434 B.R. at 917 (stating the collateral estoppel standard when the relevant prior order was rendered by a Florida state court).  Mr. Campbell's conviction of battery combined with the Restitution Order provide all proof necessary to

accord Mr. Hoban relief under count I of the amended complaint. Mr. Hoban's request for judgment on count I will be granted.

After Mr. Hoban dismisses with prejudice his negligence claims against Mr. Campbell, as the Court directs in this order, the only remaining relief requested in his state court action against Mr. Campbell will be damages for claims based in assault and battery, and related punitive damages. Although it is unlikely that any judgment resulting from such claims will be discharged in this bankruptcy case, it is not possible for this Court to make that determination until it has in hand the judgment and likely also any related order or jury verdict. For this reason, the Court will deny Mr. Hoban's request for judgment on the pleadings on count II of the amended complaint.

For the foregoing reasons, the Court ORDERS and ADJUDGES as follows:

1. Defendant James Campbell's motion to dismiss and motion for judgment on the pleadings, contained in the *Answer, Affirmative Defense, Motion to Dismiss and for Judgment on the Pleadings* (ECF No. 42), are DENIED.

2. Plaintiff Timothy Hoban's motion for judgment on count I of the amended complaint (ECF No. 38), contained in the response filed at ECF No. 59, is GRANTED. Upon completion of this adversary proceeding, or earlier if so ordered after appropriate motion, the Court will enter judgment in favor of Plaintiff Timothy Hoban, ruling that all sums due under that certain Restitution Order entered by the 15th Judicial Circuit in and for Palm Beach County, Florida, in case number 50-2016-MM-015025-AXXX-NB, including post-judgment interest, are not discharged in this bankruptcy case pursuant to 11 U.S.C. § 523(a)(6). By separate motion, Mr. Hoban may seek entry of partial judgment on count I.

3. Plaintiff Timothy Hoban's motion for judgment on count II of the amended complaint (ECF No. 38), contained in the response filed at ECF No. 59, is DENIED. The Court hereby abates all further action in this adversary proceeding as it relates to count II until such time as

a judgment or order of the 15th Judicial Circuit in and for Palm Beach County, Florida, in case number 502018CA013088XXXXMB, becomes final. Once such a judgment or order is final and no longer subject to appeal, the Plaintiff Timothy Hoban must file a copy of that judgment or order in the docket of this adversary proceeding and request a status conference or other appropriate action from this Court.

4. Nothing in this Order is intended to prohibit Timothy Hoban from collecting on the Restitution Order against James Campbell as Mr. Campbell has already conceded that the debt represented by the Restitution Order was not discharged in this bankruptcy case.

### 

Copies furnished to:

Kevin C Gleason, Esq.

*Kevin C Gleason, Esq. is directed to serve a copy of this order on all appropriate parties and to file a certificate of service with the Court.*